**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALEXANDER INTERIANO, JORGE CUADRA and JUAN JOVEL,

Plaintiffs,

v.

LIAM REILLY and REILLY MASONRY, LI ,

Defendants.

Case No. ____________

**DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Liam Reilly ("Reilly") and Reilly Masonry, LI ("Masonry") (together, "Defendants") Ford Motor Company ("Ford"), by and through their counsel, Bellavia Cohen, P.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York. In further support of this Notice, Defendants state as follows:

**State Court Action**

1. On October 27, 2026, Plaintiffs Alexander Interiano, Jorge Cuadra and Juan Jovel (collectively, "Plaintiffs") commenced an action against Defendants in the Supreme Court of the State of New York, County of Nassau, Index No. 623954/2026 (the "State Court Action").

2. Plaintiffs filed a Summons and Complaint, Notice of Electronic Filing and Affirmations of Service in the State Court Action.

3. Copies of all process, pleadings, and papers in the State Court Action received by Defendants are attached hereto as Exhibit A.

4. On November 4, 2026, Defendants were purportedly served at the residence of Defendant Reilly through a person of suitable age and discretion, and the next day mailing was sent of process

5. Copies of the Affirmations of Service on Defendants filed by Plaintiffs are attached hereto as Exhibit B.

6. Defendants remove this action to the United States District Court for the Eastern District of New York under the provisions of 28 U.S.C. § 1441(c), on the grounds that this Court has original jurisdiction under 28 U.S.C. § 1331 as it asserts claims that arise under the laws of the United States.

7. This Notice of Removal is timely because 30 days have not elapsed since Defendants were served with the Summons and Complaint, and this Notice of Removal is being filed within one year of the commencement of the State Court Action. 28 U.S.C. § 1446(b)(1).

**Federal Question Jurisdiction**

8. In the Complaint, as their alleged "First Claim for Relief," Plaintiffs assert a claim for overtime violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

9. As part of their alleged FLSA claim, Plaintiffs assert claims for failure to pay overtime compensation to Plaintiffs (as well as a purported class) at the rate on one and a half times the federal minimum wage, and for failing to keep records required by the FLSA.

10. In the Complaint, as their alleged Fifth Claim for Relief, Plaintiffs assert a claim for violation of 26 U.S. Code § 7434.

11. Therefore, Plaintiffs' First and Fifth claims arise directly under the laws of the United States, and this Court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331, regardless of the amount in dispute.

12. In the Complaint, as their alleged Second, Third, Fourth and Sixth Claims for

Relief, Plaintiffs assert claims for a variety of violations under the New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq., and New York Labor Laws.

13. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims which are related to, and subsumed within, Plaintiffs' alleged federal claims.

14. Plaintiffs' state law claims raise no novel or complex issue of stare law.

15. Accordingly, this action is, as of both the time the State Court Action was brought and as of the instant Notice of Removal, had original jurisdiction in this Court pursuant to 28 U.S.C. § 1331, and qualified for removal pursuant to 28 U.S.C. § 1446(b)(1).

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being forwarded to counsel for Plaintiffs, and this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Nassau.

17. By filing this Notice of Removal, Defendants expressly reserve, and do not waive, any and all defenses Defendants have or may have to Plaintiffs' claims, and Defendants do not concede any of the allegations in Plaintiffs' Summons and Complaint.

WHEREFORE, Defendants respectfully request that the above action now pending against it in the Supreme Court of the State of New York, County of Nassau, be removed to this Court.

Dated: November 23, 2026

Respectfully submitted,

BELLAVIA COHEN, P.C.

By: /s/ *Edward H. Glenn Jr.*

Edward H. Glenn Jr.
Francine Goodman

200 Old Country Road, Suite 400
Mineola, New York 11501
Telephone: (516) 873-3000
Facsimile: (516) 873-9032
eglenn@dealerlaw.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned, counsel for Defendants, certifies that on November 23, 2026, he caused a true and correct copy of **Defendants' Notice of Notice of Removal** to be served on the following counsel of record by email to:

Marcus Monteiro, Esq.
Monteiro & Fishman LLP
Attorneys for Plaintiffs
91 N. Franklin Street, Suite, 108
Hempstead, New York 11550

By: *<u>/s/ Edward H. Glenn Jr.</u>*

Edward H. Glenn Jr.